# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCO BARRAGAN, | : | CIVIL ACTION NO. **3:13-CV-0715** |
| | : | |
| Petitioner | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ATTY. GENERAL ERIC HOLDER, *et al.*, | : | |
| | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On March 18, 2013, Petitioner, Marco Barragan, formerly an inmate at the York County Prison ("YCP"), York, Pennsylvania, and now released from ICE's custody on Order for Removal, *pro se*, this Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1).

In the present case, Petitioner paid the filing fee. Petitioner was confined at YCP located in the Middle District of Pennsylvania and, thus, this District Court had jurisdiction over his habeas petition. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement). Petitioner named, in part, the correct Respondent in this case, Mary Sabol, Warden as YCP, and he also named an incorrect Respondent, namely, Attorney General Eric Holder.[1]

On March 21, 2013, we issued a Show Cause Order and ordered Respondents to respond to the habeas petition. (Doc. 3).

On April 10, 2013, Respondents filed their Response to the habeas petition with Exhibits. (Doc. 4).

---

[1]*See* 28 U.S.C. §§ 2242 and 2243.

On June 26, 2013, Respondents filed a Suggestion of Mootness with an Exhibit and requested that Petitioner 's habeas petition be dismissed as moot. (Docs. 5 and 5-1). Respondents state, and their Exhibit shows, that on April 17, 2013, Petitioner was released from confinement at YCP and was removed to Mexico. (Id.). The record is now clear that Petitioner is no longer in ICE custody and thus, we issue this Report and Recommendation ("R&R") recommending that Petitioner's habeas petition be dismissed as moot.

## II. Claims of Habeas Petition.

Petitioner states in his Doc. 1 Petition that he is a citizen of Mexico who has been residing in the United States since 1991. Petitioner has twice been arrested and twice pled guilty to charges of Driving Under the Influence of Alcohol, once in York County and once in Cumberland County, Pennsylvania. (Doc. 4, p. 3). Based on these convictions, ICE issued Petitioner a Notice to Appear on January 6, 2012. (Id.). On January 9, 2012, Petitioner was brought into the physical custody of ICE to be detained for the duration of his removal proceedings. (Doc. 1, p. 2). On December 2, 2012, an Immigration Judge ("IJ") ordered Petitioner removed to Mexico. (Id.). Petitioner appealed the order on January 2, 2013. (Id.).

In his instant Petition, Petitioner states four claims for habeas relief. First, he claims that because his removal order is not final and thus he is still a pre-removal detainee, "there is no reasonable likelihood of removal in the reasonably foreseeable future." (Doc. 1, p. 8). As such, Petitioner states that he must be given a bond hearing or be released.

Second, Petitioner reiterates that he has not received a final order of removal and he is appealing his first order from the IJ. (Id. at p. 9). Petitioner states, "if this action is not favorable to

Petitioner, Petitioner will follow for review in the 3d Circuit of Appeals in Pennsylvania." (Id. at p. 9). Petitioner alleges that because his removal order is pending in the appellate process, he is subject to indefinite detention in violation of his due process rights, and thus, should be released.

Finally, Petitioner alleges that the IJ's decision to deny him a bond hearing and release amounts to violations of his procedural due process rights. (Id. at p. 10). Petitioner further contends that, "A custody hearing before an immigration judge would significantly reduce the risk of an erroneous deprivation of Petitioner's liberty and would pose minimal fiscal or administrative burden on the government." (Id.). As relief, Petitioner requests declaratory judgments stating that his constitutional due process rights have been violated. (Id. at p. 11). Furthermore, Petitioner requests also to be released from ICE custody, or, in the alternative, to be granted an immediate bond hearing before an IJ. (Id. at p. 11).

## III. Discussion.

In their Suggestion of Mootness, it is the Respondents' sole contention that Petitioner's habeas petition is moot since Petitioner was released from ICE custody on April 17, 2013, to be removed to Mexico. (Doc. 5, p. 2). Respondents also state that because the *Zadvydas* issues presented in the habeas petition are moot because Petitioner is no longer in ICE's custody, the Court should dismiss the petition. (Id.).

Respondents' Exhibit A shows that an Immigration Judge issued a final Order of Removal as to the Petitioner on April 16, 2013. (Doc. 5-1). Since we agree with the Respondents that Petitioner's habeas petition is now moot, we shall not detail any further the factual background with respect to Petitioner's present claims. As stated, it has been shown by Respondents that on April 16,

3

2013, Petitioner was released from YCP and from ICE custody. (Id.).

In his habeas petition, Petitioner sought his immediate release from ICE custody. His petition is now moot, as the Respondents contend. Thus, as Respondents indicate, Petitioner's present challenge to his continued detention at YCP is moot because Petitioner has now been released from ICE's custody and from confinement at YCP.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7. In the present case, Petitioner sought habeas relief only seeking release from ICE custody and he claimed that ICE violated his due process rights by subjecting him to indefinite detention in violation of *Zadvydas*. Thus, Petitioner claimed he was being unlawfully detained by ICE at YCP for over fourteen months while his removal proceedings were pending. The question arises as to whether Petitioner's claims are moot since he has now been released from ICE custody. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id.* (Citations omitted).

In *Nkemakolam v. Decker*, 2005 WL 2715905, *2 (M.D. Pa.), the Court stated:

> The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a " 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400

(1990); *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477. The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)); *see also Gaeta v. Gerlinski,* Civil No. 3:CV-02-465, slip op. at p. 2 (M.D.Pa. May 17, 2002) (Vanaskie, C.J.).

*See also Fofana v. District Director for ICE*, 2009 WL 3616101 (M.D. Pa.).

Because Petitioner is no longer being detained at YCP by ICE, his habeas petition is moot. The relief Petitioner requested, *i.e.,* for the Court to order his immediate release from ICE custody, cannot be granted by the Court in light of his recent release from ICE custody. We find that Petitioner no longer has a case or controversy before this Court, since he does not presently have any adverse effects regarding his prior detention by ICE due to his release on an Order of Supervision.

Accordingly, we find that Petitioner's release from federal custody truly constitutes an end to his detention. Petitioner is no longer threatened with any actual injury traceable to Respondents and likely to be redressed by a favorable decision by this Court. If Petitioner is later returned to ICE custody, Petitioner can file another habeas petition. Thus, there is no longer any case or controversy presented by Petitioner's habeas petition. We therefore conclude that Petitioner's habeas petition should be dismissed as moot as Respondents request. *See Cox v. McCarthy*, 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible); *Lindaastuty v.*

*Attorney General of U.S.*, 186 Fed. Appx. 294 (3d Cir. 2006) (holding that a habeas challenge to inmate's detention was rendered moot by deportation pursuant to removal proceedings); *Nkemakolam v. Decker*, 2005 WL 2715905 (M.D. Pa.) (habeas Petition was dismissed as moot since Petitioner was granted a cancellation of removal and released from ICE custody); *Brown v. Attorney General*, Civil No. 09-0681, M.D. Pa.; *Fofana v. District Director for ICE*, 2009 WL 3616101; *Garcia v. Sabol*, 2009 WL 1936954 (M.D. Pa.).

Moreover, in his habeas petition, Petitioner Barragan requested as relief that he be immediately released from ICE custody. As stated, ICE has now released Petitioner from custody on or around April 16, 2013. We find that Petitioner is not currently suffering from an actual injury traceable to the Respondents since he has been released from federal custody. Thus, we find that there is no longer a case or controversy presented. Petitioner's claims are moot since he has been released from YCP by ICE and he is no longer being detained, and there are not any collateral consequences alleged as a result of the ICE's detention of him. *See Williams v. Sherman*, 214 Fed. Appx. 264 (3d Cir. 2007); *Hinton v. Miner*, 138 Fed. Appx. 484 (3d Cir. 2005); and *Ruiz v. Smith*, Civil No. 05-2412, M.D. Pa. (4-5-07 Order, J. Nealon) (Petitioner's release from BOP custody rendered habeas petition moot even though Petitioner was placed on supervised release). We find that, based on the above discussion, Petitioner's habeas petition is moot regarding his attack on his alleged indefinite detention by ICE. Because Petitioner's habeas claims are now moot, we shall recommend that his habeas petition be dismissed.

**IV. Recommendation**.

Based on the foregoing, it is respectfully recommended that Respondents' request in its Suggestion of Mootness **(Doc. 7)** be granted and that Petitioner Barragan's Habeas Petition **(Doc. 1)** be dismissed as moot.

  s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 28, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MARCO BARRAGAN, | : | CIVIL ACTION NO. **3:13-CV-0715** |
|---|---|---|
| | : | |
| Petitioner | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ATTY. GENERAL ERIC HOLDER, *et al.*, | : | |
| | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 28, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the magistrate judge,
making his or her own determination on the basis
of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

_____
**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 28, 2013**